IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard Johnson, #297693, ) | C/A No.: 1:16-1532-MGL-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Joyner, South Carolina ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Bernard Johnson ("Petitioner"), proceeding pro se and in forma pauperis, is an inmate incarcerated in the Palmer Pre-Release Center in the custody of the South Carolina Department of Corrections ("SCDC"). He submitted this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

I.     Factual and Procedural Background

Petitioner alleges he did not receive a credit for the seven months he served in jail. [ECF No. 1]. Petitioner states he did not file a grievance or appeal regarding this sentencing calculation error. *Id.* at 6. Instead, Petitioner claims he "conferred with SCDC state classification and various other personnel in an effort to remedy" the failure to give

him sentencing credit, but "no decision was made." *Id.* Petitioner requests the court give him a seven-month sentencing credit. *Id.* at 9.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

B.     Analysis

A state prisoner seeking habeas relief through 28 U.S.C. § 2241 must first exhaust his state court remedies. Although the exhaustion provisions codified under § 2254 are not contained in § 2241, the exhaustion requirement "applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973); *see Braden v. 30th Judicial Court of Kentucky*, 410 U.S. 484, 490 (1973) (applying exhaustion requirement in 28 U.S.C. § 2241 habeas corpus proceeding). This doctrine, based on principles of comity, requires that, before a federal court will review allegations of constitutional violations by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. 270, 276 (1976).

South Carolina law provides, as to certain prison administrative decisions that affect an inmate's sentence, that an inmate may seek review of an SCDC decision from the South Carolina Administrative Law Court ("SCALC"). *See Al-Shabazz v. State*, 527 S.E.2d 742, 750 (S.C. 2000); *see also Slezak v. S.C. Dep't of Corr.*, 605 S.E.2d 506, 507 (S.C. 2004). These administrative decisions include inmate discipline and punishment, the calculation of an inmate's sentence or sentence-related credits, or an inmate's custody status. *Sullivan v. S.C. Dep't of Corr.*, 586 S.E.2d 124, 126 (S.C. 2003); *Al-Shabazz*, 527 S.E.2d at 750. Under *Al-Shabazz*, a petitioner is required to initiate a grievance with SCDC, obtain a final decision, seek review by the SCALC, and then seek judicial review by the South Carolina Court of Appeals before seeking federal habeas review. *Al-Shabazz*, 527 S.E.2d at 752–57 (discussing the application of the Administrative Procedures Act and the review process); Rule 203(b)(6), SCACR; *see also* S.C. Code

3

Ann. § 1-23-610(A)(1).[2]

Petitioner has not shown he exhausted the remedies available to him under state law with respect to his habeas claim. In fact, Petitioner admits he has not pursued any of his administrative and state remedies related to the grounds in his habeas petition. [ECF No. 1 at 6–7]. Because Petitioner has not exhausted his state court remedies, this petition should be summarily dismissed.

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends that the district judge dismiss the petition in the above-captioned case without prejudice.

IT IS SO RECOMMENDED.

May 31, 2016                                          Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] This procedure, which applies to most credit-related and sentence-calculation issues, is in contrast to other habeas corpus issues that challenge the validity of the conviction itself and generally commence in circuit court pursuant to the post-conviction relief statutes with appeal pursuant to the corresponding appellate court rules. *See generally* S.C. Code Ann. §§ 17-27-10, *et seq.*; Rule 243, SCACR.

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).